IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
APR 2 9 2005
JUDGE HARRY D. LEINENWEBER
DISTRICT COURT JUDGE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ORLANDO MARTINEZ-NAVARRO,

    Defendant.

Case No. 04 CR 672

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendant Orlando Martinez-Navarro (hereinafter, "Navarro") moves to quash his arrest and suppress statements and identifications on the grounds that there was no probable cause to arrest him.

### I. DISCUSSION

To warrant an evidentiary hearing, a defendant must "show 'definite, specific, detailed, and non conjectural facts' justifying relief." *United States v. Mallard*, No. 93 CR 566, 1994 WL 22958 (N.D. Ill. Jan. 25, 1994). Here, Navarro provided an affidavit, which states that he traveled with Defendant Bernea Boone from Texas to Chicago and that he did not know Juan Garcia and had not met him prior to the encounter at Burger King. However, the affidavit fails to state that Navarro was not present and did not assist Bernea Boone in loading the drugs into Garcia's trailer truck in Texas. Accordingly, the Court concludes that

Navarro has not demonstrated that an evidentiary hearing is warranted.

Under the Fourth Amendment, a law enforcement officer may arrest a person only if he has probable cause to believe that the person has committed or is committing a crime. *See United States v. Nobles*, 69 F.3d 172, 180 (7th Cir. 1995). The probable cause must be "particularized with respect to that person . . . and cannot . . . simply point[] to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).

Navarro argues that agents lacked any basis for particularized suspicion about his involvement with the drug transaction. Specifically, Defendant asserts he was not recorded speaking about the drug transaction; he did not participate in the transfer of the drugs; he had no contact with the individuals who transferred the drugs; and agents did not observe him doing anything illegal. The Government responds that at the time they arrested Navarro, the agents had probable cause to believe he was conspiring to distribute cocaine based on the following factors: (1) Garcia told the agents that he agreed to deliver cocaine from Texas to Chicago at Bernea Boone's request; (2) Garcia permitted Bernea Boone and another individual, later identified as Navarro, to load the drugs into his tractor trailer in Texas; (3) Navarro arrived with Bernea

Boone in a car with Texas license plates at Burger King, the prearranged location of the drug transaction; and (4) agents observed Navarro and Bernea Boone walk over to Garcia and engage in brief conversation before entering Burger King.

Based on the evidence presented, the Court concludes that the agents had particularized probable cause to believe that Navarro was committing the crime of conspiring to distribute a controlled substance when they arrested him. Accordingly, Navarro's motion to quash his arrest and suppress statements is denied.

## II. CONCLUSION

For the reasons stated herein, Defendant Orlando Martinez-Navarro's Motion to Quash Arrest and Suppress Statements is **DENIED**.

In addition, Defendant Orlando Martinez-Navarro's Motions for a Santiago Hearing on Admissibility of Co-conspirator Statements or Proffer of Evidence, Disclosure of 404(b) Evidence, and Disclosure of Evidence Which May Lead to the Impeachment of any Government Witness are **DENIED AS MOOT**. The government shall produce its *Brady* and *Giglio* materials, 404(b) evidence, and *Santiago* proffer no later than three weeks before trial.

The Government's Motion for Reciprocal Discovery is **GRANTED**.
**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: April 29, 2005